UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AK MEETING IP LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 6:22-cv-00248-ADA-DTG |

**CISCO SYSTEMS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(C)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 2

III. RELEVANT FACTS ....................................................................................................... 3

IV. ARGUMENT ................................................................................................................... 6

    A. Plaintiff's Claim for Direct Infringement Should Be Dismissed ............................ 6

        1. Plaintiff Makes No Plausible Allegation That Cisco Satisfies the "One Client Computer" Limitations ....................................................................... 6

V. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AK Meeting IP LLC v. Adobe Inc.*,
   No. 6:22-cv-00247 (W.D. Tex. May 16, 2022) ........................................................................1

*AK Meeting IP LLC v. Fuze, Inc. et al*,
   C.A. 6:22-cv-00249-ADA .......................................................................................................2

*Atlas IP, LLC v. Exelon Corp.*,
   189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd*, 686 F. App'x 921 (Fed. Cir. 2017) ......................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................2

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................3, 10

*Chhim v. Univ. of Tex. at Austin*,
   836 F.3d 467 (5th Cir. 2016) ...................................................................................................9

*Doe v. MySpace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) ...................................................................................................2

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Witter Co.*,
   313 F.3d 305 (5th Cir. 2002) ...................................................................................................2

*Kahn v. Gen. Motors Corp.*,
   135 F.3d 1472 (Fed. Cir. 1998) ...............................................................................................2

*Lighthouse Consulting Grp., LLC v. BB&T Corp.*,
   476 F. Supp. 3d 532 (W.D. Tex. 2020) ...................................................................................2

*Metricolor LLC v. L'Oreal S.A.*,
   791 F. App'x 183 (Fed. Cir. 2019) ..........................................................................................2

*Vervain, LLC v. Micron Tech., Inc.*,
   No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .........................3, 9, 10

**Other Authorities**

Fed. R. Civ. Proc. 12 ......................................................................................................................2

Fed. R. Civ. Proc. 12(b) .................................................................................................................1

Fed. R. Civ. Proc. 12(b)(6) ............................................................................................................2

Fed. R. Civ. Proc. 12(c) .................................................................................................................2

I.      INTRODUCTION

Plaintiff accuses Cisco's Webex product – specifically, the screensharing and collaboration functionality—of infringing two patents. Each of the claims of AK Meeting's asserted patents requires a client computer to share either its cursor—U.S. Patent No. 8,627,211 ("the '211 Patent")—or some other content—U.S. Patent No. 10,963,124 ("the '124 Patent"). Critically, the claims require sharing to occur in the following manner: (1) an originating client computer transmits a message regarding its cursor/content to a server, and (2) the server sends the shared cursor/content to each of the clients on the network, *including the originating client*. AK Meeting's Complaint, including the claim charts attached to allege infringement, contains no allegation that the server sends the shared cursor/content back to the originating client computer. Instead, it merely parrots the claim language in conclusory fashion.

Plaintiff's failure to address this limitation is especially conspicuous in light of the prosecution history, which reflects AK Meeting's and the examiner's view that this attribute—namely, the requirement that the cursor/content information is sent back from the server to the originating client computer—was a point of novelty, without which the examiner was inclined to, and in fact previously did, reject the claims.

Notably, AK Meeting failed to address this same limitation in allegations against Adobe, and Adobe proceeded to file a motion to dismiss pursuant to Rule 12(b). *See* Motion to Dismiss, *AK Meeting IP LLC v. Adobe Inc.*, No. 6:22-cv-00247 (W.D. Tex. May 16, 2022), ECF No. 16. AK Meeting declined to even respond to Adobe's motion, and instead capitulated by filing a notice of non-opposition and dismissing its case against Adobe. *See* Notice of Plaintiff's Non-Opposition to Adobe's Motion to Dismiss, No. 6:22-cv-00247 (W.D. Tex. June 28, 2022), ECF No. 19.  A

defendant in parallel litigation, Fuze, has also brought a motion to dismiss on similar grounds.[1] *AK Meeting IP LLC v. Fuze, Inc. et al*, C.A. 6:22-cv-00249-ADA, Dkt. 17. AK Meeting's case against Cisco must be dismissed for the same reasons briefed in the Adobe and Fuze motions.

## II.     LEGAL STANDARD

The central issue arising from a motion brought pursuant to Federal Rule of Civil Procedure 12(c) is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Witter Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Courts evaluate a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is proper "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." 313 F.3d at 312.

The plausibility of infringement is appropriate for assessment at the Rule 12 stage. *See, e.g.*, *Lighthouse Consulting Grp., LLC v. BB&T Corp.*, 476 F. Supp. 3d 532 (W.D. Tex. 2020) (granting defendant's motion for judgment on the pleadings pursuant to Rule 12(c)). To sufficiently state a claim for direct infringement, a plaintiff must plausibly plead each limitation of at least one claim. If even one element of a claim is not plausibly pleaded, this provides a basis for dismissal. *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1998) ("The absence of even a single limitation . . . from the accused device precludes a finding of literal infringement."); *see, e.g.*, *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (agreeing with district

---

[1] Cisco proposes that its motion for judgment on the pleadings be heard at the same time as Fuze's motion.

court that patentee failed to plead direct infringement based on the failure to plausibly plead a single limitation); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd*, 686 F. App'x 921 (Fed. Cir. 2017) (dismissing direct-infringement claim because allegations regarding one claim limitation made it implausible that accused products satisfied a second limitation).

In addition, "a higher level of detail in pleading infringement may—depending on the complexity of the technology—be demanded for elements clearly 'material' to novelty and non-obviousness." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). And "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain*, 2022 WL 23469, at *5 (citing *Bot M8*, 4 F.4th at 1353).

### III.  RELEVANT FACTS

Plaintiff's Complaint alleges infringement of two patents. The '124 Patent, issued on March 30, 2021, is entitled "Sharing Content Produced by a Plurality of Client Computers in Communication With a Server." The '124 Patent discloses a method whereby a plurality of client computers each display common content on an associated display area. This common display occurs, in short, via the dissemination of user input messages, defining content to be shared, from the originating "one client computer" to each of the plurality of client computers. Dkt. 1-3, at 1.

Claim 1 of the '124 Patent, which recites a "method implemented on a plurality of client computers in communication with a server over a computer network, the plurality of client computers each displaying common content on an associated display area," requires that one of the plurality of client computers generates messages and sends those messages to the server, which in turn transmits "output messages including information defining the content to be shared" to

"each of the plurality of client computers **including the one client computer**" (emphasis added) (i.e., the client computer functioning as the presenting computer) for display. Dkt. 1-1, at 3-6. This limitation is indicated in the emphasis below.

> 1. A method implemented on a plurality of client computers in communication with a server over a computer network, the plurality of client computers each displaying common content on an associated display area, the method comprising:
>
> ***generating messages representing <u>user input received at one client computer</u> of the plurality of client computers, <u>the user input defining content to be shared</u> with the plurality of client computers***;
>
> ***causing the one client computer to transmit the generated messages to the server to elicit transmission of output messages from the server to each of the plurality of client computers <u>including the one client computer</u>***, the output messages including information defining the content to be shared; and
>
> in response to receiving output messages from the server at each of the plurality of client computers, displaying the shared content over the common content on the respective display areas on each of the plurality of client computers including the one client computer.

'124 Patent, Claim 1.

This requirement that messages sent from the originating client computer to the server cause messages to be sent *back* to the originating computer, alongside the plurality of other computers, was key to overcoming a prior-art based rejection amid the prosecution of the '124 Patent. Ex. A ('124 Patent File History, 2020-10-27 Applicant Arguments/Remarks Made in Amendment) at 7. The patent examiner had rejected the pending claims in light of a prior art reference called "Martin." Ex. B ('124 Patent File History, 2020-07-28 Rejection) at 2–4. To circumvent this prior art, the applicant explicitly emphasized that output messages are sent from the servers to *all* client computers, including that which originally generated the content. Ex. A ('124 Patent File History, 2020-10-27 Applicant Arguments/Remarks Made in Amendment) at 7 ("Additionally, the output messages are also transmitted back to the one client computer that

4

generated and transmitted the messages to the server. This has been clarified in amended claim 1 by the language 'each of the plurality of client computers including the one client computer.' Nowhere does Martin disclose this feature of Applicant's claim 1.")

The other patent asserted by Plaintiff, the '211 Patent, is entitled "Method, Apparatus, System, Medium, and Signals for Supporting Pointer Display in a Multiple-Party Communication." The '211 Patent claims systems, apparatus, and methods—also in the context of multiple-party communications among client computers in a network—for transmitting cursor messages to manifest a pointing function. Dkt. 1-4, at 1.

Claim 1 of the '211 Patent, which recites a "method for supporting multiple-party communications in a computer network including a server and at least one client computer," requires that the "client computer" send a "cursor message" to the server "representing a change in a position of a first cursor" on the client computer, in response to which the server generates a "pointer message" used to display the cursor. Dkt. 1-2, at 3-4. Importantly, the final limitation of the claim requires that this "pointer message" be sent back to the originating (presenting) client. Dkt. 1-2, at 4.  This limitation is indicated in the emphasis below.

> 1. A method for supporting multiple-party communications in a computer network including a server and *__at least one client computer__*, the method comprising:
>
> *__receiving a first cursor message at the server from the client computer,__ said first cursor message representing a change in a position of a first cursor associated with the* client computer in response to user input received from a user of the client computer;
>
> *producing a first pointer message in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message* and being operable to cause display of a pointer on the client computer; and
>
> *transmitting said first pointer message to __said client computer__*.

'211 Patent, Claim 1.

This "transmitting said first pointer message to said client computer" limitation was also essential to the procurement of the '211 Patent. In response to a prior art-based rejection by the patent examiner, the applicant prosecuting the '211 Patent specifically explained that:

> [t]he display of a pointer provides feedback to a user of the client computer of a network latency associated with a round trip from the client computers to the server and back again to the client computer. The displayed pointer also more closely corresponds to the client's pointer as it would be displayed on other client computers, which are likely to encounter a similar network latency.

Ex. C ('211 Patent File History, 2010-11-03 Applicant Arguments/Remarks Made in Amendment) at 36. It was in response to this that the Examiner issued a Notice of Allowance. Ex. D ('211 Patent File History, Notice of Allowance) at 2 ("In this case, the substance of applicant's remarks in the Amendment filed on 11/03/2010 points out the reason that claims are patentable over the prior art of record.").

### IV.   ARGUMENT

#### A.   Plaintiff's Claim for Direct Infringement Should Be Dismissed

##### 1.   Plaintiff Makes No Plausible Allegation That Cisco Satisfies the "One Client Computer" Limitations

The following images demonstrate the essence of the Complaint's deficiency. The top image indicates the three essential steps recited in both the '124 Patent and the '211 Patent claims. And the bottom image indicates, with a red "X," the particular limitation for which Plaintiff provides no plausible allegation. Notably, the claims of both the '124 and '211 Patents require that an originating computer share content / a pointer (step 1), that a message be sent back to the clients on the network (step 2a), and that the message also be sent to the originating computer (step 2b). For ease of reference, step 2b is referenced as the "originating computer" limitation.

Each of the claims of AK Meeting's asserted patents require that the content/pointer sharing occur in the following manner:



① "...causing the one client computer to transmit the generated messages to the server..."

②a "...to elicit transmission of output messages from the server to each of the plurality of client computers..."

②b "...including the one client computer"

AK Meeting's complaint contains no plausible allegation that the server sends the shared content/pointer back to originating client.



① "...causing the one client computer to transmit the generated messages to the server..."

②a "...to elicit transmission of output messages from the server to each of the plurality of client computers..."

"...including the one client computer"

In the claim chart corresponding to the '124 Patent, Plaintiff calls out Cisco WebEx as the allegedly infringing product and repeatedly incorporates, as a corresponding reference for each limitation of claim 1, the same two images on "Sharing Content." *See* Dkt. 1-1. These images amount, in total, to (1) an overview of the "Share menu"; (2) a notice as to what "participants" will see compared to what the sharing user (i.e., originating computer) will see; (3) a "best practice," advising the user to open the application before sharing; and (4) a note about the "whiteboard" function. Dkt. 1-1, at 3-6.



None of the referenced images provides any indication that Cisco's WebEx product satisfies the "originating computer" limitation of claim 1 of the '124 Patent. There is no suggestion anywhere in the chart that the client computer "transmit[s] . . . generated messages to elicit transmission of output messages from the server to each of the plurality of client computers

8

*including the one client computer*" (emphasis added). And the conclusory statement below the referenced images, simply parroting the limitation verbatim, does not make it so. Merely tracking the claim language is "insufficient to give rise to a reasonable inference" of infringement. *Vervain*, 2022 WL 23469, at *7 (quoting *Bot M8 LLC v* 4 F.4th at 1355); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[W]e do not credit conclusory allegations or allegations that merely restate the legal elements of a claim.").

The allegations of infringement of the '211 Patent fare no better. In the claim chart corresponding to the '211 Patent, Plaintiff again names Cisco WebEx as allegedly infringing. Throughout the chart, Plaintiff relies on two images in its attempt to tie WebEx's annotation/pointer functionality to the language of claim 1 of the '211 Patent. One is a guide overviewing "annotation tools" and "presentation tools" associated with the "Meeting Center" functionality, and the other is a brief instruction on the use of the "pointer." Dkt. 1-2, at 3-4.

| US8627211 B2 Claim 1 | Cisco WebEx |
|---|---|
| transmitting said first pointer message to said client computer. | Use the pointer to draw attention to specific points on the screen. Color is assigned when joining a session. Click, then select **Name Pointer** or **Laser Pointer**. Name pointer appears when you click the left mouse button.<br><br>https://slcc.service-now.com/sys_attachment.do?sys_id=063253c40f534a00afa837f692050e01<br><br>The reference describes transmitting said first pointer message to said client computer. |

The '211 claim chart, like the '124 claim chart, relies on conclusory statements—that "[t]he reference describes [the originating computer limitation]" verbatim. The image shown only indicates that a sharing user can employ a pointer that will be displayed to other users. The cited

document bears no relation to the corresponding limitation and provides no basis to allege that the pointer message is transmitted *from the server back to the originating computer*.

Plaintiff's failure to address the "originating computer" limitation is particularly problematic here, where the "originating computer" limitation was necessary to overcome prior art during prosecution and obtain issuance for both the '124 and the '211 Patent. *See supra* at pp. 6–7. Here, the technology and claims are simple—the claims require that the server send the same message to all the clients on the network, including the originating computer. The materiality of this limitation, and simplicity of technology, indicates that Plaintiff should have paid additional attention to this limitation while pleading infringement. *Vervain*, 2022 WL 23469, at *5. Plaintiff's failure here is unsurprising, because Cisco's Webex product does not practice this feature. Dkt. 13 at p. 4.¶ Instead, the Complaint relies on conclusory allegations, and it should therefore be dismissed. *Bot M8*, 4 F.4th at 1353.

## V. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that this Court grant Cisco judgment on the pleadings and dismiss this lawsuit.

Dated: July 13, 2022                                 Respectfully submitted,

>                                                    By: */s/* K. Padmanabhan
>                                                        K. Padmanabhan (*pro hac vice pending*)
>                                                        kpadmanabhan@winston.com
>                                                        Winston & Strawn LLP
>                                                        200 Park Ave.
>                                                        New York, NY 10166
>                                                        Tel: (212) 294-6700
>
>                                                        Barry Shelton
>                                                        bshelton@winston.com
>                                                        Winston & Strawn LLP
>                                                        2121 N. Pearl Street
>                                                        Suite 900

Dallas, TX 75201
Tel: (214) 453-6407

*Attorneys for Defendant,
Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the above and foregoin document was served on July 13, 2022, to all counsel of record, via the Court's CM/ECF system.

/s/ K. Padmanabhan
K. Padmanabhan
