IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AK MEETING IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>Defendant. | Civil Action No. 6:22-cv-00248-ADA<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OPINION AND ORDER GRANTING CISCO SYSTEMS, INC.'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Rule 12(c) Motion for Judgment on the Pleadings (the "Motion"). ECF No. 27. Plaintiff AK Meeting IP LLC ("AK Meeting") filed an Opposition. ECF No. 33. Cisco then filed its Reply. ECF No. 34. The Court held a hearing on the Motion on December 8, 2022, at which the Court granted the Motion. ECF No. 36. This Memorandum Opinion and Order reflects the ruling at the hearing.

## I. BACKGROUND

AK Meeting filed this lawsuit on March 8, 2022, accusing Cisco of infringing U.S. Patent Nos. 10,963,124 ("the '124 patent") and 8,627,211 ("the '211 patent") (collectively, the "Asserted Patents"). ECF No. 1 at 1. The '124 patent relates to a novel and improved method for sharing content produced by a plurality of client computers over a computer network. *Id.* ¶ 7. The '211 patent relates to novel and improved systems, apparatus, and methods for supporting multi-party communications between client computers in a computer network. *Id.* ¶ 14. AK Meeting alleges

that Cisco maintains, operates, and administers systems, apparatus, and methods for multiparty communications between client computers in a computer network that infringe one or more of claims 1-150 of the ’211 patent. *Id.* ¶ 15.

The ’211 Patent claims techniques for transmitting cursor messages for a pointing function in the context of multiple-party communications. ECF No. 17-4. Claim 1 of the ’211 Patent, the only claim charted in the Second Amended Complaint for the ’211 Patent, recites a “method for supporting multiple-party communications in a computer network including a server and at least one client computer,” and requires that the “client computer” send a “cursor message” to the server “representing a change in a position of a first cursor” on the client computer. *Id*., Cl. 1. In response, claim 1 requires the server generate a “pointer message,” and that this “pointer message” be sent back to the originating (presenting) client. *Id*.

AK Meeting filed an Amended Complaint on April 14, 2022. ECF No. 8. Cisco then filed a Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) on July 14, 2022. ECF No. 16. In response, AK Meeting filed its Second Amended Complaint on August 1, 2022 (the “SAC”). ECF No. 17. Cisco filed this Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) with respect to the ’211 Patent on October 20, 2022. ECF No. 27.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standards as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008). A 12(b)(6) motion asserts a “purely procedural question not pertaining to patent law.” *McZeal v. Sprint Nextel Corp.*, 501 F.3d

1354, 1356 (Fed. Cir. 2007). On a motion for judgment on the pleadings, factual allegations set out in the pleadings are taken in the light most favorable to the nonmoving party. *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 547 (2007). This standard does not require "detailed factual allegations;" however, this standard does not permit accusations that are completely devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The plausibility standard requires the plaintiff to plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 500 U.S. at 545. Therefore, a patentee must only "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1356. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Judgment on the pleadings is appropriate where "there are no disputed issues of material fact and only questions of law remain." *Brittan Comm'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

## III. ANALYSIS

Cisco moves to dismiss AK Meeting's claim for infringement of the '211 Patent based on its failure to state a plausible claim. ECF No. 27 at 5. Cisco asserts that the SAC fails to show how the Webex Board communicates with a server to satisfy the "receiving a first cursor message at the server from the client computer" and the "transmitting said first pointer message to said client computer" limitations of claim 1. *Id.* The Court agrees with Cisco and finds that AK Meeting fails to state a plausible claim for infringement of the '211 patent.

Cisco explains that AK Meeting alleges that a Webex Board using Webex Virtual Desktop Infrastructure ("VDI") can serve as a "client computer [that] transmit[s] cursor messages/signals to the server when the cursor is moved . . . such as [by] tapping on the whiteboard icon" to satisfy the limitation of claim 1 requiring "receiving a first cursor message at the server from the client computer, said first cursor message representing a change in a position of a first cursor associated with the client computer in response to user input received from a user of the client computer." ECF No. 17-2 at 4. AK Meeting further alleges that "the messages/signals sent to the server are then processed and sent back to" the Webex Board "in the form of bitmaps" because "[t]he 'done button' becomes active once the whiteboard icon" on a Webex Board "is initiated," and this satisfies the limitation of claim 1 requiring "producing a first pointer message in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message and being operable to cause display of a pointer on the client computer." *Id*. Finally, AK Meeting alleges that "[t]hese bitmaps are then displayed" on the Webex Board as "the client computer" and that this allows the user to "tap on the 'Stop Sharing' icon" on the Webex Board. *Id*. at 5. In summary, AK Meeting alleges that a Webex Board connects to the Webex meetings through Webex VDI, and as a result, messages are transmitted from the Webex Board to a server, and back to the Webex Board as bitmaps.

Yet Cisco contends that Webex Board cannot connect to Webex meetings through a virtual desktop. ECF No. 27 at 7 (citing ECF No. 26-1 ¶¶ 4-5). Because of this, Cisco asserts that AK Meeting's infringement allegations for the '211 patent fail. *Id.* AK Meeting, in its Response, does not challenge this, but alleges only that the claims do not require connection via virtual desktop. ECF No. 33 at 4. AK Meeting fails to address Cisco's assertion that the accused Cisco

Webex Whiteboard does not work with the virtual desktop, as accused in AK Meeting's SAC. *See id.*

In its Reply, Cisco explains that the asserted claims require that (1) an originating client computer transmits a message regarding its cursor to a server, and (2) the server sends the shared cursor to each of the clients on the network, including the originating client. ECF No. 34 at 2 (citing ECF No. 1-4, claim 1). Because Cisco alleges that AK Meeting's allegations in the Original and First Amended Complaint could not satisfy this requirement, Cisco filed a Rule 12(c) motion to dismiss AK Meeting's complaint. *See id*; ECF No. 16. In response, AK Meeting filed its SAC, which abandoned its allegation against a Webex meeting alone, and instead accused infringement by a Webex meeting accessed through a virtual desktop on a Webex board. Compare ECF No. 8-2 at 3 with ECF No. 17-2 at 3–4.

The Court agrees with Cisco that by now arguing the claims do not require connection via virtual desktop, ECF No. 33 at 4, AK Meeting rejects the element that distinguished the SAC from its earlier allegations, which it effectively conceded were deficient when it filed its SAC. ECF No. 34 at 1. Because AK Meeting does not address, much less dispute, that the accused Cisco Webex Whiteboard does not work with the virtual desktop, as accused in its SAC, AK Meeting fails to state a plausible claim for infringement of the '211 patent.

## IV. CONCLUSION

For those reasons, the Court **GRANTS** Defendant Cisco Systems, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings. ECF No. 27. AK Meeting's claims of infringement with respect to the '211 Patent are **DISMISSED WITH PREJUDICE**.

SIGNED this 28th day of December, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE